1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LINDA L. FOGH,

        Plaintiff,

   v.

WILLIAM JUSTYK,

        Defendant.

Case No. C06-947RSL

ORDER DENYING MOTION;
ORDER TO SHOW CAUSE

      This matter comes before the Court on plaintiff's motion for a writ of habeas corpus (Dkt. #2). Plaintiff, who is proceeding *pro se*, filed this case on July 6, 2006 alleging that defendant William Justyk has restrained her liberty and property and is attempting to sell her home on July 7, 2006. Given the emergent nature of the issue, the Court considers plaintiff's motion to be a motion for a preliminary injunction. Plaintiff, however, has not shown a likelihood of success on the merits, primarily because she has failed to show a basis for this Court's jurisdiction.

      Federal courts are courts of limited jurisdiction. See, e.g., Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). Causes of action are presumed to be outside this limited jurisdiction, and the burden of establishing jurisdiction rests on the party asserting it. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). The basis for federal question jurisdiction must appear on the face of a well-pleaded complaint. See,

ORDER DENYING MOTION;
ORDER TO SHOW CAUSE - 1

1  e.g., Bell v. Hood, 327 U.S. 678, 680-82 (1946).

2  Plaintiff alleges that Mr. Justyk has "perpetrated a fraud upon the court by filing a false
3  claim, and obtaining a void judgment without due process of law." Petition for Writ of Habeas
4  Corpus at p. 2. Plaintiff states that she has filed a motion to vacate the judgment before Judge
5  Rogers in an unnamed court, but she is concerned that she will not obtain relief before her home
6  is sold.

7  Plaintiff has filed two prior cases in this district against the condominium association and
8  the management company. Both of those cases were dismissed because plaintiff failed to show
9  that the Court had jurisdiction over her claims. Similarly, in this case, plaintiff has not shown a
10  basis for this Court's jurisdiction. Plaintiff attempts to invoke this Court's admiralty jurisdiction
11  but has not shown any basis for doing so. She also seeks a writ of habeas corpus, but she is not
12  in custody. Furthermore, plaintiff alleges various due process violations, but does not allege that
13  the defendant is a state actor. Finally, it appears that the underlying claims are being adjudicated
14  by another court, so even if this Court had jurisdiction, it would likely abstain from exercising it
15  based on principles of comity.

16  For the foregoing reasons, the Court DENIES plaintiff's motion for a writ of habeas
17  corpus (Dkt. #2). Furthermore, plaintiff is ORDERED TO SHOW CAUSE, on or before August
18  8, 2006, why her complaint should not be dismissed for lack of jurisdiction. The Clerk of the
19  Court is directed to place this order to show cause on the Court's calendar for consideration on
20  August 11, 2006.

22  DATED this 7th day of July, 2006.

    s/ Ricardo S. Martinez for
    Robert S. Lasnik
    United States District Judge

ORDER DENYING MOTION;
ORDER TO SHOW CAUSE - 2